IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| EARL SAMPSON, | : | |
| | : | |
| Defendant | : | |

**M E M O R A N D U M**

November 12, 2008

**BACKGROUND:**

On September 27, 2007, a Grand Jury returned an indictment against Earl Sampson and thirteen (13) other individuals. Count One of the indictment charged Sampson, and his co-defendants, with conspiracy to distribute and possess with intent to distribute, more than five (5) grams of cocaine base known as crack and more than 500 grams of cocaine within protected zones, in violation of 21 U.S.C. §§ 846 and 860. Sampson and his co-defendants were also charged with drug trafficking counts, in violation of 21. U.S.C. §§ 846(a)(1) and 860. Arrest warrants were issued by the Court. Upon arraignment, Sampson entered a plea of not guilty.

A sealed First Superseding Indictment was entered on October 11, 2007. This indictment named three additional defendants and charged Sampson with a

new crime, conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base known as crack, more than 500 grams of cocaine and an undetermined amount of marijuana, in protected zones, in violation of 21 U.S.C. §§ 846 and 860.  Sampson was arraigned and entered a plea of not guilty.

On October 27, 2007, a Second Superseding Indictment was returned.  This indictment named an additional defendant and expanded the time frame of the alleged conspiracy.  Sampson was arraigned and pled not guilty to the First and Second Superseding Indictments.

On August 14, 2008, a Third Superseding Indictment was returned.  This indictment included additional defendants and charges and expanded the time frame of the alleged conspiracy, but added no new charges against the defendant.  He was arraigned and pled not guilty.

On September 18, 2008, Sampson filed this "Motion For Severance".  (Rec. Doc. No. 516).  A supporting brief was filed with the motion.  Opposing and reply briefs have been filed.  This motion is ripe for disposition.

**DISCUSSION:**

## Motion to Sever

Sampson seeks Federal Rule of Criminal Procedure 14 severance on the grounds that he was improperly joined with the other defendants and that joinder is unduly prejudicial in this instance. The government contends that joinder is proper in this case and that Sampson has failed to show that she is or would be prejudiced by the joinder.

>Rule 8(b) of the Federal Rules of Criminal Procedure states as follows:
>
>(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 14(a) of the Federal Rules of Criminal Procedure states in relevant part as follows:

>(a) Relief. If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

There exists a preference in the federal system for joint trials of defendants who are indicted together. See, e.g., Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Quintero, 38 F.3d 1317, 1339 (3d Cir. 1994). Under Rule 8(b), joinder of defendants is appropriate if "a transactional nexus exists

between the . . . defendants to be joined." United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991). The mere allegation of a conspiracy presumptively satisfies Rule 8(b) because the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense. United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988). In determining whether joinder is appropriate, the district court shall focus on the indictment, not on proof subsequently adduced at trial. Eufrasio, 935 F.2d at 567.

Under Rule 14, severance is appropriate where joinder creates a risk of substantial prejudice to a particular defendant or the government. See Zafiro, 506 U.S. at 540. Severance is a matter committed to the trial court's discretion and Rule 14 places the burden of showing prejudice from the joinder on the defendant seeking severance. Eufrasio, 935 F.2d at 568. Prejudice is the critical question and the mere allegation of prejudice is not enough. A defendant must affirmatively show "clear and substantial prejudice." See United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). It is incumbent on a defendant to show more than the fact that a separate trial might offer him or her a better chance of acquittal. Id. In light of these standards we will consider Sampson's motion to sever.

The manner and means section of Count 1 of the Third Superseding Indictment demonstrates a "transactional nexus" between the defendants charged.

It is alleged, inter alia, that the defendants, including Earl Sampson, "did intentionally, knowingly and unlawfully combine, conspire . . . and agree together" to distribute crack cocaine and "[d]uring the course of the conspiracy and in furtherance thereof . . . [m]ade trips from Lycoming County to Florida, Alabama and Philadelphia, Pennsylvania, to obtain quantities of COCAINE and CRACK for distribution in the Lycoming County area."  In light of these allegations it was proper to join all of the defendants in one Indictment.  See United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) ("[F]ederal system prefers joint trials to promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.") (quoting United States v. Urban, 404 F.3d 754, 755 (3d Cir. 2005)).  The defendant's contention that he is accused of playing a minor role in the conspiracy or had limited contact with the co-defendants has little effect upon this fundamental principle.  See United States v. Voight, 89 F.3d 1050, 1096-96 (3d Cir. 1996); United States v. Smolar, 557 F.2d 13, 21 (1st Cir. 1977).

      Therefore, severance is only proper under our discretion if Sampson would be clearly and substantially prejudiced in a joint trial.  See Zafiro, 506 U.S. at 539-40.  In support of his motion, Sampson claims that he is prejudiced by the strain a trial of this size would place upon the jury system.  In demonstrating prejudice, the

defendant bears a "heavy burden," United States v. Niederberger, 580 F.2d 63, 66 (3d Cir), cert. denied, 439 U.S. 980 (1978), to show there is clear and substantial prejudice, not mere speculation. United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993). Here, Sampson claims that the trial would likely last weeks, consist of "an enormous amount of hours worth of testimony, with the likelihood of dozens of exhibits and numerous evidentiary rulings limiting certain pieces of evidence to some defendants or some counts . . . mak[ing] it utterly impossible for each juror to recall, assess and apply the admissible evidence against each individual defendant." We find these statements to be conclusory, not evidentiary, because Sampson fails to provide specific examples of juries having difficulties handling cases analogous to the one at bar. Such speculation cannot overcome the defendant's heavy burden. United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981) ("Mere allegations of prejudice are not enough; and it is not sufficient simple to establish that severance would improve the defendant's chance of acquittal.") (citations omitted).

Sampson also contends that the cumulative effect of the evidence tendered against other defendants will prejudice him. However, in the same breath, the defendant admits that he cannot meet the four-factor test set forth in United States v. Boscia, 573, F.2d 827, 832 (3d Cir. 1978). As previously noted, speculation is an improper basis for severance. Reicherter, 647 F.2d at 400.

Although we will deny the motion for severance at this time, we may reconsider severance for logistical purposes once we are able to ascertain the number of defendants and counts that will remain active for trial.

**CONCLUSION:**

For the aforementioned reasons, the court will deny defendant Earl Sampson's motion for severance.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
|---|---|---|
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| EARL SAMPSON, | : | |

|   |   |
|---|---|
| Defendant | : |
|   | : |

# O R D E R

November 12, 2008

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

Defendant's motion for severance (Rec. Doc. No. 516) is DENIED.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge