IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| VS. | : | 4:CR-07-389 |
| | : | (JUDGE VANASKIE) |
| EARL SAMPSON | : | |
| | : | |

MEMORANDUM

Defendant Earl Sampson has moved to dismiss the counts of an indictment charging him with narcotics trafficking crimes on the basis of misconduct before the grand jury. (Doc. 1069). Specifically, Defendant Earl Sampson claims that law enforcement officers deliberately provided false testimony to the Grand Jury, thereby perverting the grand jury process. Finding that Defendant has not carried his heavy burden of establishing an error in the Grand Jury proceedings that "'substantially influenced the grand jury's decision to indict,'" or establish "'grave doubt' that the decision to indict was free from the substantial influence" of erroneous testimony presented to the grand jury, see Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988), his motion will be denied.

BACKGROUND

On September 27, 2007, a federal grand jury sitting in Williamsport, Pennsylvania returned a 26 count indictment charging fourteen persons, including Earl Sampson, with various drug trafficking crimes. Defendant Sampson was charged in Count I with conspiring

with co-defendants to distribute and possess with intent to distribute more than five grams of cocaine base and more than five hundred grams of cocaine within protected zones, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 860(a).  Counts 19 and 21 charged Sampson along with co-defendant Dorothy Robinson with distribution and possession with intent to distribute cocaine base in a protected zone, and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(10), 21 U.S.C. § 860 (a), and 18 U.S.C. § 2.  Eventually, a third Superceding Indictment was returned on August 14, 2008.  Sampson was charged with the same criminal offenses in the same numbered counts, i.e., a drug trafficking conspiracy charge in Count I and substantive charges of distribution and possession with intent to distribute cocaine base in a protected zone and aiding and abetting same, in Counts 19 and 21.

On February 1, 2010, Sampson, now represented by the his third Court-appointed counsel, moved to dismiss the indictment, asserting the presentation of false, misleading and inaccurate testimony to the Grand Jury.  The motion has been fully briefed and is ripe for a decision.

DISCUSSION

Defendant asserts that testimony of two law enforcement officers, DEA Agent Timothy Crowley, and Pennsylvania State Police Trooper Dennis E. Haines, was so materially false as to warrant dismissal of the charges against him.  Each of the asserted

misrepresentations made by the law enforcement officers will be examined separately.

First, Defendant claims that Agent Crowley falsely testified that Defendant and Co-Defendant Dorothy Robinson had several residences that served as "crack houses." Defendant cites page 3 of Agent Crowley's Grand Jury testimony of September 27, 2007.

As he was reviewing a chart that explained the drug trafficking organization, Agent Crowley testified as follows:

> But then you come down and you see Dorothy Robinson, also Dorothy Johnson, or Mae-Mae, she is referred to. And she has been dealing drugs here in Williamsport for approximately 22 years. With that, she has a number of sons and daughters that are involved in the business with her. So from there you see a Shannon Mitchell, a Curtis Mitchell, a Taurance Johnson. Those are some of the larger scale individuals that are dealing multi-ounce quantities of crack cocaine and cocaine.
>
> Then from there you see different branches going off. You'll see an Earl Sampson and Tony Smith. <u>They reside at one of the houses</u> that Dorothy Robinson is in charge of over on High Street. Tony Smith had recently relocated to Allentown. So we really won't talk about him this round. But Earl Sampson is her boyfriend – basically a live-in, kind of, but <u>they have different residences at basically different crack houses they live at</u>.

(G.J. Testimony of Agent Crowley of 9/27/07 at 3; emphasis added.) It is evident that this testimony did not claim that defendant and co-defendant Dorothy Robinson had several residences. Instead, it is evident that Agent Crowley placed Earl Sampson in a single residence on High Street over which Dorothy Robinson had responsibility. Thus, this testimony affords no basis for a finding that the Grand Jury was misled in any way as to Earl Sampson's involvement in the drug trafficking scheme.

3

Defendant's next assertion of error is that Agent Crowley represented at page four of his testimony that Defendant was one of a group of individuals who had been dealing drugs since January of 2003, when Agent Crowley knew that Defendant did not associate with the group until the beginning of 2007. Significantly, however, the statement attributed to Agent Crowley is actually a preferatory remark made by the prosecutor. The full statement was as follows:

> Q. Now, we have a proposed indictment charging a conspiracy from the 1st day of January, 2003 up to today's date with fourteen defendants whom you have mentioned names of. It charges possession with intent to distribute and distribution of more than five grams of cocaine base known as crack. By the way, what is cocaine base known as on the streets of Williamsport?

It is thus clear that Agent Crowley did not accuse Defendant of being involved in a conspiracy since its inception. Moreover, the fact that a conspiracy may have existed before Sampson joined it does not afford any basis for concluding that the Grand Jury's decision to charge Sampson with conspiracy was substantially influenced by the reference to the duration of the overall conspiracy, or that there is grave doubt that the decision to indict was influenced by statements as to the duration of the conspiracy.

Similarly without merit is the contention that Trooper Haines deliberately misled the Grand Jury by testifying on July 24, 2008 that the second superceding indictment dated back to January of 1999. (G.J. Testimony of Trooper Haines of 7/24/08 at 4.) Trooper

4

Haines simply testified that "[t]he indictment goes back to we started it on the first day of January, 1999 up to include the date of the indictment in which these individuals have been selling cocaine base, which is crack cocaine, cocaine, marijuana and several other controlled substances throughout the Williamsport area during that course of time." (Id.) Trooper Haines did not testify that Earl Sampson had been involved in drug trafficking throughout the entire time frame. Thus, his summary of the indictment affords no basis for dismissal of the conspiracy count as against Earl Sampson.

Defendant next charges that Agent Crowley falsely represented that on May 31, 2007, a confidential informant <u>accompanied by other police officers</u> entered the residence where Defendant Earl Sampson lived, 725 High Street, Williamsport, for purposes of engaging in a drug transaction. Defendant asserts that Agent Crowley knew that the confidential informant entered the residence alone.

Contrary to Defendant Sampson's contention, Agent Crowley did not testify that the confidential informant entered 725 High Street on May 31, 2007 in the company of other law enforcement officers. Agent Crowley's testimony on this point was as follows:

> <u>Confidential informant 0201</u> was utilized for this purchase [on May 31, 2007]. <u>They</u> were searched, provided with two hundred dollars prerecorded official authorized funds. Negative findings during the search. On this date, <u>the confidential informant</u> is followed by officers and agents to 725 High Street, which is located within one thousand feet of public housing. Once <u>they</u> arrived there, <u>they</u> enter 725 High Street, and its observed by myself and other officers <u>them</u> going in. Approximately a couple of minutes later <u>they</u> exit the residence and <u>they</u> are picked up by other officers who searched <u>them</u>,

5

>
> get the .4 grams of crack cocaine from <u>them</u>. And we continued surveillance at that point. And Dorothy Robinson is observed existing the residence.
>
> During the debrief, the <u>informant</u> states that when the CI entered the residence that Dorothy Robinson asked the CI what <u>they</u> wanted. Replied – the CI replied that <u>they</u> wanted an eight ball, which is approximately 3.5 grams of crack. At that point, Dorothy Robinson walks over to Earl Sampson, gives Earl Sampson the money. That money gets put in Earl Sampson's packet [sic]. Then, Dorothy Johnson, or Robinson, returns with the crack cocaine and gives it to the CI.

(G.J. Testimony of Agent Crowley, 9/27/07, at 23-24.) It is evident that Agent Crowley used the plural pronoun "they" in reference to the confidential informant. Indeed, there would be no need to follow the procedures used in that matter if the confidential informant had been accompanied by other law enforcement officers. Buttressing this conclusion is Agent Crowley's testimony concerning a transaction on August 1, 2007, in which he again refers to a single confidential informant with the plural pronoun "they." (G.J. Testimony of Agent Crowley, 9/27/07, at 25.) Furthermore, even if the Grand Jury was caused to believe that law enforcement personnel accompanied the confidential informant on May 31, 2007 into the residence, there is no reason to believe that this erroneous belief substantially influenced the decision to charge Sampson with involvement in the transaction that occurred on that date.

Defendant also claims materially misleading testimony was presented by Trooper Haines with respect to the May 31, 2007 transaction at 725 High Street. Trooper Haines referred to the confidential informant with the masculine pronoun, "he," although it is clear

that the confidential informant involved in this transaction was a woman. This error is not so substantial as to warrant the dismissal of an indictment. Trooper Haines acknowledged his error during the trial of Dorothy Robinson. Defendant argues that the mistake affects the validity of Count 19 if the Trooper was referring to a totally different drug transaction involving a male confidential informant, but ignores the fact that the female confidential informant involved in the transaction of May 31, 2007 testified at the trial concerning the substance of the May 31, 2007 drug deal. Thus, dismissal of the indictment based upon the understandable error in reference to a confidential informant is not warranted.

Defendant Earl Sampson next claims prejudicial error in Agent Crowley's account of the August 1, 2007 drug transaction with a confidential informant at 725 High Street. In this regard, defendant claims prejudicial error in the Agent's testimony that "Earl Sampson was also observed at the residence and exited with Dorothy." (G.J. Testimony of Agent Crowley, 9/27/07, at 25.) Agent Crowley acknowledged mis-identifying the person who was observed leaving with Dorothy Robinson, but there is no dispute that the confidential informant placed Earl Sampson in the residence at the time of this transaction. The confidential informant also testified at Dorothy Robinson's trial that Earl Sampson is seen in a surveillance video standing in the doorway at 725 High Street during the drug transaction. Thus, there is no basis for concluding that deliberately false testimony was presented to the Grand Jury in order to charge Sampson with involvement in the August 1, 2007 transaction.

Nor is there any basis for concluding that the Grand Jury's decision to charge Sampson with involvement in the August 1, 2007 transaction was materially influenced by the mistake in testimony.

Defendant's final contention is that Trooper Haines, at the July 24, 2008 Grand Jury proceeding, provided materially false testimony pertaining to the August 1, 2007 transaction. The challenged testimony was simply a summary of Count 21. Trooper Haines testified:

> Count 21, again, is with Dorothy and Earl. This occurred on August 1, 2007. A CI is utilized again, searched, provided with the funds. The CI again is dropped off in the vicinity of 725 High Street which is within one thousand feet of public housing.
>
> The CI is observed entering the residence. Four minutes later the CI comes back out, is picked up by me, hands over four small bags of suspected crack cocaine, which it did test positive for the presence of cocaine. No lab result on that so I can't give you the weight.

(G.J. Testimony of Trooper Haines, 7/24/08 at 15-16.) There does not appear to be any materially false statement in the Trooper's summary of Count 21.

In summary, Defendant Earl Sampson has not presented evidence of deliberately false material testimony presented to the Grand Jury. The testimony of the law enforcement officers concerned information relayed by confidential informants on drug transactions that occurred outside their vision. While there was an admitted mistake made with respect to the identification of a person exiting the residence with Dorothy Sampson following the August 1, 2007 transaction, there is no dispute that the confidential informant

8

placed Earl Sampson inside the residence at the time of the transaction.  Moreover, as pointed out by the government, the Grand Jury was presented with the testimony of Leanika Johnson, a daughter of Dorothy Robinson, who plainly testified to Earl Sampson's drug trafficking activities, before returning the Third Superceding Indictment.  Thus, under these circumstances, there is no basis for concluding that the decision to indict Earl Sampson was the product of deliberately false testimony of law enforcement officers.  Nor is there any basis for concluding that the decision to indict was substantially influenced by any errors in the testimony or that there is "grave doubt" that the indictment was free from the substantial influence of any prosecutorial misconduct.  See United States v. Soberon, 929 F.2d 935, 939-40 (2d Cir. 1991).

CONCLUSION

     For the reasons set forth above, defendant Earl Sampson's motion to dismiss the Third Superceding Indictment will be denied.  An appropriate Order follows.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :
:
:
  VS. : 4:CR-07-389
: (JUDGE VANASKIE)
EARL SAMPSON :
:

## ORDER

NOW, THIS 13th DAY OF APRIL, 2010, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT Defendant Earl Sampson's Motion to Dismiss the Indictment (Doc. 1069) is DENIED.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge