IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 4:07-CR-389 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| EARL SAMPSON, : | |
| Defendant : | |

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Defendant's motion (Doc. No. 1342) to reconsider this Court's order granting Defendant's motion to dismiss and dismissing the indictment against him without prejudice (Doc. No. 1340).

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the Court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in

part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

      Defendant merely asserts, without elaboration, that he is "challenging that portion of the Court's Order which dismissed the indictment without prejudice." (Doc. No. 1342 ¶ 5.) Defendant does not argue an intervening change in controlling law, the availability of new evidence, or that the Court made a clear error of law in declining to dismiss the indictment with prejudice. In support of his motion, Defendant simply attaches his "Petition for Dismissal due to 10th amendment violation and Speedy Trial Act." (Doc. No. 1342-1.) Defendant originally filed this document on April 8, 2011, (Doc. No. 1339), and the Court considered the arguments contained therein in ruling on Defendant's motion to dismiss. Because Defendant has failed to establish the existence any grounds for reconsideration, the Court cannot grant his motion.

      **ACCORDINGLY**, on this 29th day of April 2011, upon consideration of Defendant Earl Sampson's motion to reconsider (Doc. No. 1342), **IT IS HEREBY ORDERED** that the motion is **DENIED.**

                                         S/ Yvette Kane
                                         Yvette Kane, Chief Judge
                                         United States District Court
                                         Middle District of Pennsylvania